[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10524
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cr-00096-WKW-WC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CAMERON JAMES GLENN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(January 10, 2019)

Before TJOFLAT, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Cameron James Glenn pled guilty to one count of being a felon in possession of a firearm and ammunition, 18 U.S.C. § 922(g)(1).  At sentencing, the district court calculated Glenn's recommended range under the Sentencing Guidelines as 33 to 41 months' imprisonment but imposed an upward variance and sentenced him to 48 months' imprisonment.  Glenn now appeals his sentence.  He argues that his sentence is procedurally unreasonable because the district court failed to provide a sufficient explanation for why it imposed a variance and substantively unreasonable because the district court unreasonably focused on and exaggerated his criminal history, while ignoring factors that would have supported a shorter sentence.  We affirm because the district court set forth a sufficient explanation of its decision to impose the variance and we cannot say that Glenn's 48-month sentence lies outside the range of reasonable sentences dictated by the facts of the case.

"To be upheld on appeal, a sentence must be both procedurally and substantively reasonable." *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010).  We review the reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  "A district court abuses its discretion when it:  (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the

proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (internal quotation marks omitted). The party challenging the sentence bears the burden of showing it is unreasonable. *United States v. Tome*, 611 F.3d. 1371, 1378 (11th Cir. 2010).

First, Glenn argues that his sentence is procedurally unreasonable because the district court failed to provide a sufficient justification for its upward variance.[1] A district court commits a significant procedural error if it fails "to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. The district court must give an explanation that is sufficient to allow for "meaningful appellate review." *Id.* at 50.

Here, the district court adequately explained why it imposed the variance. The district court stated that it had considered Glenn's criminal history, other facts related to Glenn's history, his mother's testimony, and letters that Glenn submitted to the court. The district court explained that it had weighed various § 3553(a) factors, including Glenn's history and characteristics as well as the need to reflect the seriousness of the offense, to promote respect for the law, to protect the public from further crimes, to provide adequate deterrence, to provide Glenn with needed correctional treatment in the most effective manner, and to avoid unwarranted

---

[1] We assume that Glenn adequately preserved a challenge to the procedural reasonableness of his sentence.

sentencing disparities among defendants.  Because the district court's explanation is sufficient to allow for meaningful appellate review, there was no procedural error.

Having determined that the district court's sentencing decision is procedurally sound, we next consider the substantive reasonableness of Glenn's sentence.  When reviewing a sentence for substantive reasonableness, we examine the totality of the circumstances, including "whether the statutory factors in § 3553(a) support the sentence in question."[2]  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  "We will not second guess the weight (or lack thereof), that [a district court] accorded to a given factor as long as the sentence is reasonable in light of all the circumstances presented.  *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010).  We may vacate a sentence only if we firmly believe that the district court "committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable

---

[2] Under § 3553(a), the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of the statute.  These purposes include the need to:  reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, protect the public from the defendant's future criminal conduct, and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment.  18 U.S.C. § 3553(a)(2).  The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id.* § 3553(a)(1), (3)-(7).

sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (internal quotation marks omitted).  We may not set aside a sentence "merely because we would have decided that another one is more appropriate." *Id.* at 1191.

Glenn argues that in weighing the § 3553(a) factors, the district court considered only one factor, his history and characteristics, and failed to give meaningful consideration to the other § 3553(a) factors, which, Glenn contends, weighed in his favor.  We agree with Glenn that "a district court's unjustified reliance on any one § 3553(a) factor" may be indicative of an unreasonable sentence.  *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006) (internal quotation marks omitted).  But "[d]istrict courts have broad leeway in deciding how much weight to give to prior crimes the defendant has committed." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1261 (11th Cir. 2015).  "Placing substantial weight on a defendant's criminal record is entirely consistent with § 3553(a) because five of the factors it requires a court to consider are related to criminal history." *Id.* at 1263; *see also United States v. Early*, 686 F.3d 1219, 1223 (11th Cir. 2012) (concluding that it was not an error of judgment to give "great weight" to the defendant's "substantial criminal history").

We cannot say that the district court unjustifiably relied on one factor here.  True, in imposing an upward variance, the district court gave great weight to Glenn's criminal history.  Although Glenn asserts that the district court's focus on

5

his criminal history means that it gave great weight to only one § 3553(a) factor (his history and circumstances), his criminal history was relevant to other § 3553(a) factors including the need to: promote respect for the law, provide adequate deterrence, and protect the public.[3]  *See* 18 U.S.C. § 3553(a)(2)(A)-(C). Indeed, the record shows that the district court expressly considered each of these § 3553(a) factors when it imposed the upward variance.

Glenn also challenges the district court's assessment of his history and characteristics as "incomplete and one-sided in a number of respects."  Appellant's Br. at 21.  Glenn takes particular issue with the district court's statement that he had "26 serious encounters" with the police before reaching the age of 25.  Doc. 50 at 3.[4]  Glenn contends that the district court overstated his criminal history because not all of his interactions with police were "serious."  He asserts that at least some of the interactions were minor because they involved, among other things, misdemeanor or traffic offenses or incidents where the charges ultimately were dismissed or nol prossed.

Even if Glenn is correct that not *all* his prior interactions with police qualify as "serious encounters," we still are not left with the firm and definite conviction

---

[3] In addition, Glenn's criminal history potentially could be relevant to "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).

[4] Citations in the form "Doc. #" refer to numbered entries on the district court's docket.

that the district court erred in imposing an upward variance in this case.   By the time he turned 25, Glenn had an extensive criminal history:  he had been arrested multiple times on charges involving drugs and/or weapons and had repeatedly fled from law enforcement.  In imposing the upward variance, the court considered and weighed Glenn's mitigating circumstances against his extensive criminal history and the facts that he had "very little" work history, had an admitted drug habit, had been engaged in drug dealing, and was a gang member.  Doc. 50 at 37.  In addition, the court imposed a sentence that was well below the statutory maximum of 10 years.  Regardless of whether we would have done the same thing if we had been the sentencing court, Glenn's 48-month sentence was within the bounds of the district court's substantial sentencing discretion and thus reasonable.  *See Gall*, 552 U.S. at 51.

**AFFIRMED.**